Long & Alstatter Co. v. Hill.

---

## Long & Alstatter Co. v. T. J. Hill et al.

1. *Guaranty—Contract of.*—Where a company manufacturing implements entered into a contract with a person to sell the same for cash or notes, and that all notes taken should be indorsed by such person as follows—" For value received, we, hereby guarantee the payment of the within note and waive protest, demand and notice of nonpayment thereof," and such person having so indorsed a note taken in payment of an implement sold, *it was held* that the fact that the company sent out one of its agents to assist such person in making sales, and who assisted in making the sale in question, and advised taking the note, etc., did not make the sale of the implement sold, the sale of the company, so that the guaranty, being made after the sale, would be without consideration.

**Memorandum.**—Action upon a guaranty. Appeal from a judgment rendered by the Circuit Court of Moultrie County; the Hon. EDWARD P. VAIL, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892. Opinion filed December 2, 1892.

*Copy of note sued on :*

"$23.00.          No. 8481.          SULLIVAN, ILLS., June 5, 1885.

For value received, on or before the first day of January, 1886, we, the undersigned, of the town of Sullivan, county of Moultrie, State of Illinois, promise to pay to the order of The Long & Alstatter Co., twenty-three dollars, payable at Sullivan, Ills., with interest at 8 per cent until due, and 8 per cent after due. Without relief from exemption, valuation or appraisement laws of this State. And if not paid when due, and suit is commenced upon this note, I promise to pay five dollars as attorney fees, in addition to the taxable costs. And it is further agreed that this note shall be due on demand if the maker attempts to move out of said county.

W. A. MARSHALL.

P. O. Address, Sullivan, Ills. Residence in city.

*Indorsement:* For value received, we guarantee the payment of the within note, and hereby waive protest, demand and notice of non-payment thereof.

HILL, JENKINS & Co."

SPITLER & HUDSON, attorneys for appellant.

APPELLEES' BRIEF.

Where a person is held out to the public as a general agent of a corporation, and he so represents himself, and acts as such in other matters, his acts as such, in a particular case, will bind the corporation, even though according to his secret instructions, he may have transcended his authority. Home Life Ins. Co. v. Pierce, 75 Ill. 426.

Starkie on Evidence, Vol. 2, page 34, says: "When the fact of agency has been proved, either expressly or presumptively, the act of the agent, co-extensive with his authority, is the act of the principal, whose mere instrument he is, and then whatever the agent says within the scope of his authority, the principal says."

The guaranty was made by a stranger to the note, and at a time long after its delivery by the maker to the holder, and at the time the guaranty was made, no consideration passed.

In Kline v. Currier, 14 Ill. 237, the court says: "Where it is shown that the defendant executed the guaranty after the delivery of the note, the burden of proof is upon the plaintiff to show a new express consideration therefor." Edwards on Bills and Notes, Sec. 318.

R. M. PEADRO, attorney for appellees.

OPINION OF THE COURT, the Hon. Carroll C. Boggs, Judge.

Appellant made agricultural implements at Hamilton, Ohio, and appellees dealt in them at Sullivan, Illinois. In the winter of 1884–5 the parties entered into a contract by which appellant was to furnish its implements to the appellees as ordered at net prices specified, to be sold by the latter in the territory indicated. Their compensation for all services in connection with such sales was to be the difference between the net prices referred to, and those for which the machines should be sold. Among the provisions contained in the agreement was the following: "Settlement for all machines to be made in cash and responsible farmer's notes, on terms above named, in same proportion

as received. Notes to be drawn on the Long & Alstatter Co.'s blanks, with eight per cent from due, made payable in bank to the order of the Long & Alstatter Co., and indorsed by said Hill, Jenkins & Co., as follows, viz.: 'For value received we hereby guarantee the payment of the within note, and waive protest, demand and notice of non-payment thereof.'" Appellees did so indorse a note of W. A. Marshall for $23, dated June 5, 1885, payable on or before January 1, 1886, and given for one of appellant's plows. On that indorsement this suit was brought before a justice of the peace, and taken by appeal to the Circuit Court, where it was tried without a jury, and the issue found for the defendants. A new trial was denied and judgment entered on the finding.

The defense set up was that the sale to Marshall was made against their advice by Warwick, the agent, who executed the contract for the company, and had charge of the territory, including theirs, and with whom they were to settle. It appears that when he established an agency by such a contract, he spent some time in helping the agent to sell and introduce the company's machines. He did so in this instance, was in Moultrie County on several occasions, and made other sales for them, but no other contrary to their advice. They told him Marshall's note would not be good without security, but he said that Marshall promised security and named the man. When Warwick went to find him, however, he had gone to Decatur, and the security was not obtained. Warwick did not then deliver the note to appellees, as he did in other cases, but when he came around to make settlement with them, about the first of October, he presented it and asked their indorsement, saying that without that the company would not accept it. They at first refused, but upon his statement that the sale was his and he would take care of the note so that the company should not bother them about it, consented and signed the guarantee. They then made a satisfactory settlement. Mr. Jenkins, who signed the guarantee for his firm, testified: "This note was applied as a credit on our account with the plaintiff, and for the purpose of helping to cancel our indebtedness to the

plaintiff. It canceled our indebtedness in a sum equal to the amount of this note."

It is claimed that Warwick was a general agent of the company; that the sale by him was therefore in legal effect a sale by the company, and the guarantee, indorsed after the note was delivered by the maker, was without consideration.

We do not so understand the facts. The sale was made to a farmer within the territory of appellees, and it was made for them and not for the company. If it was for more than the net price at which the company furnished the plow to them, the excess was to go to them. The contract provided that "the said Hill, Jenkins & Co. agree to forward, without additional compensation, any of the above implements during the season to parties outside of the limits of their territory as the Long & Alstatter Co. may direct;" but we do not find that it anywhere reserves to the company the right to sell or order delivery to any party within that territory. Appellees were therefore not bound to let Marshall have the plow on Warwick's word, without knowing that the price was paid or a satisfactory note given for it. In doing so they trusted to Warwick; but the company looked to them. Their contract with it required them to guarantee the note as they did. We think the finding of the Circuit Court was clearly against the law and the evidence. Its judgment will therefore be reversed and the cause remanded.